CLD-156                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-3322

_____

JONATHAN RUSSO,
Appellant

v.

FOOD SERVICE DIRECTOR PEREZ; TAMMY ECKENRODE, Individual and
Official Capacity; CHELSIE, Individual and Official Capacity; LARRY SNYDER,
Individual and Official Capacity; KATY HILEMAN, Individual and Official Capacity

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-01420)
District Judge:  Honorable Keli M. Neary

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 2, 2026
Before:  BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed July 21, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jonathan Russo, proceeding pro se and in forma pauperis, filed a 42 U.S.C. § 1983 case against several prison officials related to allegations of food tampering and the prison's response to his allegations and provision of medical care. At the time of the incidents, Russo was incarcerated at Adams County Adult Correctional Complex ("ACACC"). Russo initially brought his claims in a larger lawsuit bringing allegations of multiple incidents against the ACACC, which the District Court divided into multiple cases, including this one.[1]

After Russo filed an amended complaint, the District Court screened his amended complaint and dismissed it for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). The District Court also denied Russo's motions to alter or amend the judgment and for appointment of counsel. Russo appealed and moved for appointment of counsel.

We have jurisdiction under 28 U.S.C. § 1291. We review the order denying the motion to alter or amend for abuse of discretion.[2] *Cureton v. Nat'l Collegiate Athletic*

---

[1] We take judicial notice of Russo's complaint filed in his previous case. Complaint, *Russo v. Hileman et al*, No. 1:25-cv-0050 (M.D. Pa. Apr. 20, 2026) (No. 1). *See Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n. 1 (3d Cir. 2014).

[2] In his notice of appeal, Russo states that he appeals the October 2025 order, which denied his motion to alter or amend the judgment. To bring up the underlying judgment, Russo's motion needed to be filed within 28 days after the entry of judgment (September 26, 2025). Fed. R. App. P. 4(a)(4)(A). But, even applying the prison mailbox rule, the motion missed the deadline. *See Webb v. Dep't of Just.*, 117 F.4th 560, 565–67 (3d Cir. 2024) (discussing the requirements for application of the prison mailbox rule). Russo dated his enclosed cover letter September 28, 2025. Thus, the scope of our review is limited to the denial of Russo's Rule 59(e) motion.

2

*Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). We review the District Court's denial of his motion for the appointment of counsel for abuse of discretion. *Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir. 1993). Upon review, we will affirm the District Court's judgment because no substantial issue is raised on appeal. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A Rule 59(e) motion must rely on one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). In his brief in support of his motion to alter or amend the judgment, Russo questioned whether the order should be amended so that he could amend his complaint further. However, his briefing does not raise new legal or factual issues or suggest a need to "prevent manifest injustice." *See Lazaridis*, 591 F.3d at 669.

As the District Court explained, Russo failed to explain any legal error in its reasoning or what additional allegations he sought to add. Nor did he provide a proposed amended complaint. And, as the District Court also explained, it had already given Russo opportunities to amend his complaint. As a result, the District Court's denial was not an abuse of its discretion. *Cureton*, 252 F.3d at 273. Nor did the District Court abuse its discretion in denying Russo's post-judgment motion for appointment of counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

For these reasons, we will summarily affirm the District Court's judgment. Russo's motion for appointment of counsel is denied.